**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ITG CIGARS INC.,** | |
| *Plaintiff*, | |
| **v.** | **Case No.** |
| **SLAPWOODS LLC and NADER RABIE,** | |
| *Defendants*. | |

**COMPLAINT**

Plaintiff, ITG Cigars Inc. ("ITG" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against Defendants, Slapwoods LLC ("Slapwoods") and Nader Rabie ("Rabie") (collectively "Defendants"), respectfully alleges as follows:

**NATURE OF ACTION**

1.      It is often said that "imitation is the sincerest form of flattery." Here, Defendants have engaged in the serial imitation of Plaintiff's cigar trademarks as part of a plan to unfairly compete with Plaintiff, in violation of the Lanham Act and state law.

2.      More particularly, ITG owns rights in the BACKWOODS Trademarks and BACKWOODS (Stylized) Trademarks (respectively defined in paragraphs 17 and 18 below), that are used by ITG in connection with its BACKWOODS brand line of cigars, as depicted on the following exemplary cigar packaging:

 

3.    The BACKWOODS Trademarks and BACKWOODS (Stylized) Trademarks have become famous, synonymous with, and identifiers of, the cigars sold by Plaintiff as part of its BACKWOODS brand line of cigars.   The BACKWOODS Trademarks and BACKWOODS (Stylized) Trademarks have been used widely and continuously for many years in connection with Plaintiff's BACKWOODS brand line of cigars and a host of ancillary goods.

4.    Defendants have blatantly and willfully infringed upon Plaintiff's rights in the BACKWOODS Trademarks and BACKWOODS (Stylized) Trademarks by:

(a)    first, using an original SLAPWOODS and Design trademark in connection with, *inter alia*, cigar wraps and cigar cones:



(b)     second, after Plaintiff objected to the original SLAPWOODS and Design

Trademark, transitioning to the following revised SLAPWOODS and Design trademark:

 

(see, e.g., http://www.slapwoods.com):



5.      Indeed, Defendants' original SLAPWOODS and Design trademark and revised

SLAPWOODS and Design trademark, as actually used in commerce, are purposefully deceptive

imitations of Plaintiff's federally registered BACKWOODS Trademarks and/or BACKWOODS (Stylized) Trademarks, such that Defendants' use thereof constitutes trademark infringement.

6.    Defendant Rabie also obtained U.S. Trademark Registration No. 6,390,155 for the SLAPWOODS trademark, which as used in commerce is a purposefully deceptive imitation of Plaintiff's federally registered BACKWOODS Trademarks and BACKWOODS (Stylized) Trademarks.

7.    All of Defendants' activities have been conducted in an effort to trade on the goodwill associated with Plaintiff's trademark rights.  By these activities, Defendants are liable for, and by this action Plaintiff seeks redress from, Defendants' trademark infringement, false designation of origin and unfair competition, federal trademark dilution in violation of the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq*., injury to business reputation and dilution in violation of TX BUS. & COM. § 16.103 *et seq.*; and unfair competition under the common law of the State of Texas.  By this action, Plaintiff also seeks an Order directing the Commissioner of Patents and Trademarks:  (i) that Defendant Rabie's U.S. Trademark Registration No. 6,390,155 is not entitled to federal registration; and (ii) to cancel Defendant Rabie's U.S. Trademark Registration No. 6,390,155; on grounds of likelihood of confusion and/or dilution, pursuant to 15 U.S.C. § 1119, and an injunction prohibiting Defendants' continuing unlawful activities.  Plaintiff has no adequate remedy at law.

## THE PARTIES

8.    Plaintiff ITG is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 714 Green Valley Road, Greensboro, North Carolina  27408.

9.      Upon information and belief, Defendant Slapwoods is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 8990 Park West Dr., Ste. D1, Houston, Texas 77063.  Attached hereto as Exhibit A is a true and correct copy of a business record from the Texas Secretary of State evidencing that Defendant Slapwoods has its principal place of business in Texas.  Upon information and belief, Defendant Slapwoods distributes, markets, advertises, offers for sale and sells infringing smoking products in the State of Texas and elsewhere.

10.      Upon information and belief, Defendant Rabie is a Partner of Defendant Slapwoods.  Upon information and belief, Defendant Rabie has an address at 2500 West Loop South, Suite 340, Houston, TX  77027.  Attached hereto as Exhibit B is a true and correct copy of a business record from the Texas Secretary of State evidencing that Defendant Rabie is a "Partner" of Defendant Slapwoods.  Upon information and belief, Defendant Rabie has personally directed, controlled, ratified, participated in and/or been the moving force behind the unlawful activities of Defendant Slapwoods, and has personally committed the unlawful activities that form the subject matter of this Complaint.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

12.      This Court has personal jurisdiction over Defendant Slapwoods by virtue of the facts that it: (i) resides in the State of Texas; (ii) operates, conducts, engages in and is carrying on a business or business venture in the State of Texas; (iii) has an office in the State of Texas; (iv) has transacted

business within the State of Texas on a regular and consistent basis; and (v) has infringed Plaintiff's trademarks within the State of Texas.

13.    This Court has personal jurisdiction over Defendant Rabie by virtue of the facts that he:  (i) resides in the State of Texas; (ii) operates, conducts, engages in and is carrying on a business or business venture in the State of Texas; (iii) has an office in the State of Texas; (iv) has transacted business within the State of Texas on a regular and consistent basis; (v) has infringed Plaintiff's trademarks within the State of Texas; and (vi) has personally directed, controlled, ratified, participated in and/or been the moving force behind the unlawful activities of Defendant Slapwoods within the State of Texas.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).


## FACTS

### I.    PLAINTIFF'S LONGSTANDING AND VALUABLE TRADEMARK RIGHTS

15.    Plaintiff ITG is the owner of the trademarks associated with ITG's BACKWOODS brand line of cigars in the United States.

16.    Specifically, ITG is the owner of:

(i)    the BACKWOODS trademark and U.S. Trademark Registration No. 1,164,008 for "cigars" in International Class 34 on the Principal Register.  True and correct copies of ITG's registration certificate and most recent renewal confirmation for this trademark, and records from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of U.S. Trademark Registration No. 1,164,008, are attached hereto as Exhibit C and incorporated herein by reference;

(ii)    the BACKWOODS trademark and U.S. Trademark Registration No. 3,268,658 for "ashtrays, cigar cases, tobacco cases, and cigarette lighters of precious metals" in International Class 14, and for "tobacco pouches; cigar cases not of precious metal" in International Class 34, on the Principal Register.  True and correct copies of ITG's registration certificate and most recent renewal confirmation for this trademark, and records from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of U.S. Trademark Registration No. 3,268,658, are attached hereto as Exhibit D and incorporated herein by reference;

(iii)    the BACKWOODS (Stylized) trademark and U.S. Trademark Registration No. 4,923,532 for "cigarillos, cigars" in International Class 34 on the Principal Register:



True and correct copies of ITG's registration certificate for this trademark, and records from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of U.S. Trademark Registration No. 4,923,532, are attached hereto as Exhibit E and incorporated herein by reference; and

(iv)    the BACKWOODS (Stylized) trademark and U.S. Trademark Registration No. 6,541,153 for "cigarillos; cigars" in International Class 34 on the Principal Register:



7

True and correct copies of ITG's registration certificate for this trademark, and records from the U.S. Patent and Trademark Office's TSDR database showing the current status and title of U.S. Trademark Registration No. 6,541,153, are attached hereto as Exhibit F and incorporated herein by reference.

17.     All of the trademarks set forth in paragraph 16 above are herein referred to collectively as the "BACKWOODS Trademarks."

18.     The trademarks set forth in subparagraphs 16(iii) and 16(iv) above are herein referred to collectively as the "BACKWOODS (Stylized) Trademarks."

19.     The BACKWOODS Trademarks have been in continuous use in this country since at least as early as May 2, 1979, by ITG's predecessors-in-interest, and subsequently, by ITG.

20.     ITG and its predecessors-in-interest have used the BACKWOODS Trademarks only in connection with quality cigars and licensed merchandise.  Through these efforts, the BACKWOODS brand line of cigars is one of the most popular and best-selling cigar brands in the United States.  The BACKWOODS brand line of cigars is extensively advertised and available virtually everywhere that cigars are sold throughout the United States, in thousands of retail locations and in all channels of trade.

21.     The BACKWOODS brand line of cigars was an overnight success.  Their unique structure and look, with a frayed end, tapered body and unfinished head, had great appeal to cigar smokers.  Smokers identified the cigar's image with America's "Wild West" and the type of tobacco products that cowboys used to smoke.  The rustically designed airtight foil pouch added to that look and, importantly, maintained the cigar's high moisture level.

22.     The unique style, taste, aroma and package have made the BACKWOODS brand line of cigars the number one selling all natural cigar in the world.  Annual retail sales of the

BACKWOODS brand line of cigars are in excess of $100 million. The BACKWOODS brand line of cigars is available in many varieties, including Original, Sweet Aromatic, Honey, Honey Berry, Honey Bourbon, Banana, Dark Stout, Russian Cream and Black Russian.

23.    ITG is actively engaged in the development of BACKWOODS merchandise and in selective licensing of the BACKWOODS Trademarks.

24.    ITG and its predecessors-in-interest have widely and continuously promoted and advertised the BACKWOODS brand line of cigars utilizing the distinctive BACKWOODS Trademarks in the manner depicted below:

 

25.    The BACKWOODS Trademarks have a number of distinctive features, including, but not limited to, a logo for the brand name displayed: (a) in a distinctive font and style featuring stylized capital letters; (b) in a red and white color scheme; (c) with an outline surrounding and following the contours of the letters; (d) in an arcuate manner; and (e) with the first and last letters larger than and extending beneath the remainder of the letters.

26.    In addition, the BACKWOODS Trademarks are displayed on packaging that is covered with a distinctive "burlap" or "honeycomb" design.

27.    The BACKWOODS Trademarks with their distinctive features are used on packaging for the BACKWOODS brand line of cigars, in advertisements, on the Internet, in point of purchase materials and in other forums.

28.    The BACKWOODS Trademarks with their distinctive features are inherently distinctive to the public and the trade and serve primarily as a designators of origin of ITG's BACKWOODS brand line of cigar products.

29.    Plaintiff's BACKWOODS Trademarks are famous.  They are widely recognized by the trade and the public and have built up extensive goodwill.

30.    As a result of the widespread use and display of Plaintiff's BACKWOODS Trademarks, as used in connection with cigars and ancillary goods: (a) the public and the trade use the BACKWOODS Trademarks to identify and refer to Plaintiff and its BACKWOODS brand line of cigars; (b) cigars and licensed goods marked with the BACKWOODS Trademarks are recognized by the trade and the public as quality goods emanating from a single source; and (c) the BACKWOODS Trademarks have built up secondary meaning and extensive goodwill.

## II.    DEFENDANTS' UNLAWFUL ACTIVITIES

### A.    Timeline of Defendants' Activities

31.    Upon information and belief, Defendants are engaged in the manufacture, importation, distribution, offering for sale and/or sale of smoking products that violate Plaintiff's valuable trademark rights.  Indeed, it appears that Defendants have engaged in conduct that is believed to reflect a purposeful intent to trade on the goodwill and business reputation of Plaintiff, its famous BACKWOODS Trademarks and its BACKWOODS brand line of cigars.

32.    On March 13, 2020, ITG sent a cease and desist letter to Defendant Rabie regarding his proposed use of, and application to register, a SLAPWOODS and Design trademark for products in International Classes 25 and 34, including "cigars" in Class 34:



(the "Original SLAPWOODS and Design Trademark").  A true and correct copy of ITG's March 13, 2020 letter is attached hereto as Exhibit G.

33.    Notably, the Original SLAPWOODS and Design Trademark contains not only distinctive features of the BACKWOODS Trademarks, including the BACKWOODS (Stylized) Trademarks, but also a "honeycomb" design similar to that which has long been used in connection with the BACKWOODS Trademarks, including the BACKWOODS (Stylized) Trademarks.

34.    In the March 13, 2020 letter, ITG explained that while Defendant Rabie's proposed use and registration of SLAPWOODS (word) is not objectionable per se, use of SLAPWOODS in the distinctive font and style of the BACKWOODS (Stylized) Trademarks and/or with a honeycomb design is objectionable.

35.    In response to the cease and desist letter, Defendants' counsel argued, *inter alia*, that the inspiration for the design of the Original SLAPWOODS and Design Trademark came from Defendant Rabie's favorite basketball team, the Los Angeles Lakers.  However, a side-by-side comparison of the relevant trademarks reveals that the font utilized for the Original SLAPWOODS and Design Trademark is not the same as that utilized by the Los Angeles Lakers.  In addition, Defendants' counsel failed to explain why it was necessary for Defendant Rabie to display the

Original SLAPWOODS and Design Trademark with red letters on a white background outlined in black if the inspiration was, in fact, the Los Angeles Lakers. Even assuming, *arguendo*, that the Los Angeles Lakers logo was the inspiration for the Original SLAPWOODS and Design Trademark, such "inspiration" does not authorize Defendants to use a trademark that is confusingly similar to the BACKWOODS (Stylized) Trademarks in connection with smoking products:

  

  

36.    On April 17, 2020, ITG filed a Notice of Opposition with the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") against Defendant Rabie's U.S. Trademark Application Serial No. 88/651,293 for the Original SLAPWOODS and Design Trademark.

37.    On November 20, 2020, Defendant Rabie stipulated to abandon U.S. Trademark Application Serial No. 88/651,293 with the consent of ITG, and on December 9, 2020 the TTAB entered an Order dismissing the Opposition without prejudice. A true and correct copy of the

TTAB's December 9, 2020 Order is attached hereto as Exhibit H.

38.    On August 5, 2021, ITG sent a second cease and desist letter to Defendants' counsel noting that, despite the abandonment of Defendant Rabie's application, Defendants nevertheless proceeded to commence use of the Original SLAPWOODS and Design Trademark in connection with cigar cones and clothing.  A true and correct copy of ITG's August 5, 2021 letter is attached hereto as Exhibit I.  As set forth in the letter, below is an Instagram post evidencing Defendants' use of the Original SLAPWOODS and Design Trademark together with the phrase "*THE WOODS WITH NO GUTS!*" (emphasis added), in a clear attempt to trade off of ITG's BACKWOODS cigar brand:



39.    On August 25, 2021, Defendants' counsel responded, indicating: "Notwithstanding any of the above, the entire matter will soon be irrelevant.  For separate reasons, Slapwoods will

be transitioning to a differently-styled logo mark that would render moot the issues discussed in this and prior correspondence" (emphasis in original). A true and correct copy of Defendants' August 25, 2021 response is attached hereto as Exhibit J.

40.     In reliance upon Defendants' representation, ITG understood that Defendants would be making significant changes to its stylized trademark that would alleviate any likelihood of confusion between Defendants' stylized trademark and ITG's BACKWOODS Trademarks, including ITG's BACKWOODS (Stylized) Trademarks.

41.     On August 26, 2021, ITG's counsel sent a reply email to Defendants' counsel, indicating: "for us to have a meaningful conversation with our client in response to your letter as 'litigation' counsel, we need you to send us the alternative to which your client is 'transitioning' and information as to when such 'transition' will occur." A true and correct copy of ITG's reply email is attached hereto as Exhibit K.

42.     On September 27, 2021, having not received a response, ITG's counsel sent a follow-up email to Defendants counsel, indicating: "in order for us to have a meaningful conversation with our client, we need you to send us the alternative mark to which your client is 'transitioning' and information as to when such 'transition' will occur." A true and correct copy of ITG's follow-up email is attached hereto as Exhibit L.

43.     On October 2, 2021, ITG received an email response from Defendants' counsel, indicating: "Thanks for your message. We hope to make available to you my client's new logo once it is ready, and we anticipate its formal rollout as slated to occur within the next 30-90 days. Hope to give you the next update soon." A true and correct copy of Defendants' counsel's response is attached hereto as Exhibit M.

44.     In truth and in fact, however, Defendants did not make the promised changes, and instead, have commenced use of a revised trademark that is confusingly similar to ITG's BACKWOODS (Stylized) Trademark:



(the "Revised SLAPWOODS and Design Trademark").

45.     On August 23, 2023, ITG sent a third cease and desist letter to Defendants' counsel, this time with regard to the Revised SLAPWOODS and Design Trademark.  A true and correct copy of ITG's August 23, 2023 letter is attached hereto as Exhibit N.

46.     On September 12, 2023, ITG received a response from Defendants' counsel indicating:  "Our Clients will not be changing their name or logo and Your Clients will allow such use to continue uninterrupted."  A true and correct copy of the September 12, 2023 response is attached hereto as Exhibit O.

47.     Plaintiff was thus left with no alternative but to commence this litigation.

**B.      Similarity of The Parties' Trademarks and Goods**

48.     There is a strong likelihood of confusion between Plaintiff's BACKWOODS Trademarks, on the one hand, and the Original SLAPWOODS and Design Trademark and the Revised SLAPWOODS and Design Trademark of Defendants, on the other hand, to wit:

(a)     the word portions of the parties' respective trademarks are confusingly similar in appearance:

(i)    the trademarks each consist of two syllables;

(ii)    the first syllable in each trademark contains four letters, i.e., starting with a consonant, containing the identical intervening vowel "A", and ending with a hard consonant; and

(iii)    the second syllable in each trademark is the identical term "WOODS";

(b)    the word portions of the parties' respective trademarks are confusingly similar in pronunciation:

(i)    the first syllable in each case is predominated by a "short A" sound (e.g., as in "aaah"); and

(ii)    the second syllable in each case, to wit, "WOODS", is identical.

49.    Accordingly, the word portions of parties' respective trademarks are confusingly similar in appearance and pronunciation, resulting in a confusingly similar commercial impression.

50.    Importantly, Defendants have displayed their Original SLAPWOODS and Design Trademark, and are displaying their Revised SLAPWOODS and Design Trademark, in the stylized manner shown below, which is deceptively similar to the manner in which Plaintiff displays its BACKWOODS (Stylized) Trademarks:

Original

 

Revised

 

51.     The similarities between the parties' respective marks are substantial, to wit:

(a)     both marks contain all capital, stylized letters in a confusingly similar type font;

(b)     both marks utilize a red and white color scheme to display the letters;

(c)     both marks incorporate first and/or last letters that are larger than the remainder of the letters;

(d)     both marks incorporate letters containing "points" that extend backwards from the tops of the letters (*see*, e.g., "W" and "D" in both marks); and

(e)     both marks include an outline that surrounds and follows the contours of the letters.

52.    Significantly, ITG has registered its BACKWOODS (Stylized) Trademark in black and white, meaning that it has the right to display its mark in any colors, including white letters shaded in red:



53.    Defendants' actions are particularly objectionable because they selected trademark layouts and color schemes that mimic the trademark layouts and color schemes long used by Plaintiff and its predecessors in connection with Plaintiff's famous BACKWOODS brand line of cigars.

54.    Plaintiff has not authorized any of the Defendants to use any of its BACKWOODS Trademarks.

55.    Defendants': (a) Original SLAPWOODS and Design Trademark; and (b) Revised SLAPWOODS and Design Trademark; are herein referred to collectively as the "Infringing Trademarks".

56.    Defendants have utilized and/or utilize the Infringing Trademarks in connection with related products, i.e., smoking products, including cigar wraps and cigar cones (the "Infringing Products").  Defendants' products travel and/or are promoted through the same channels of trade for sale to, and use by, the same class of purchasers.

57.    Defendants advertise, offer for sale and/or sell the Infringing Products via the Internet and in other forums, including but not limited to via the Internet website located at www.slapwoods.com.

58. Defendants have recklessly, willfully and intentionally violated Plaintiff's rights with the deliberate intention of trading on the valuable goodwill and reputation established by Plaintiff.

59. Defendants' use of: (1) the Infringing Trademarks; and (2) confusingly similar trademark layouts and color schemes; in connection with smoking products, constitutes infringement of Plaintiff's trademark rights in that it is likely to cause confusion, mistake or deception as to the source of origin of Defendants' products in that the public, the trade and others are likely to believe that Defendants' products are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff, its BACKWOODS Trademarks, its BACKWOODS brand line of cigars and/or licensed products including, without limitation, that Defendants' products may be line extensions of Plaintiff's BACKWOODS brand line of products.

60. Defendants' continued use of: (1) the Infringing Trademarks; and (2) confusingly similar trademark layouts and color schemes; in connection with smoking products as alleged, is likely to dilute the distinctiveness of Plaintiff's BACKWOODS Trademarks, thus hampering efforts by Plaintiff to continue to protect the outstanding reputation of its BACKWOODS brand line of cigars, resulting in loss of sales of genuine products and thwarting Plaintiff's considerable efforts and expenditures to promote its genuine products and to license its BACKWOODS Trademarks, all to Plaintiff's irreparable harm.

**First Count**
**(as to all Defendants)**
**(with respect to both the Original and Revised SLAPWOODS and Design Trademarks)**

**DIRECT AND CONTRIBUTORY**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS**

61.     Paragraphs 1 to 60 above, are incorporated by reference as if fully alleged herein.

62.     This is a claim by Plaintiff for direct and contributory infringement of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. §1114.

63.     Plaintiff is the owner of valuable trademark rights in, and federal trademark registrations for, Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

64.     Defendants' use in commerce of colorable imitations of Plaintiff's federally registered BACKWOODS Trademarks, including without limitation colorable imitations of Plaintiff's federally registered BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 4 through 7 and 31 through 60 herein, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods, services and commercial activities by Plaintiff.

65.     Defendants' activities, as alleged, constitute direct and/or contributory infringement of Plaintiff's federally registered BACKWOODS Trademarks, including without limitation Plaintiff's federally registered BACKWOODS (Stylized) Trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, all to the substantial and irreparable injury of the public and of ITG's business reputation and goodwill.

66.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill

associated with its registered trademarks, including diversion of customers from them, lost sales and lost profits, and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

**Second Count**
**(as to all Defendants)**
**(with respect to both the Original and Revised SLAPWOODS and Design Trademarks)**

**TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**

67.    Paragraphs 1 to 66 above, are incorporated by reference as if fully alleged herein.

68.    This is a claim by Plaintiff for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

69.    Plaintiff is the owner of valuable trademark rights in Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

70.    Defendants' use in commerce of purposefully deceptive imitations of Plaintiff's BACKWOODS Trademarks, including without limitation purposefully deceptive imitations of Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 4 through 7 and 31 through 60 herein, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods, services and commercial activities by Plaintiff.

71.    Defendants' activities, as alleged, constitute infringement and/or contributory infringement of Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, and direct and contributory false designation of origin, false representation and false description, all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

72.    By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, including diversion of customers from Plaintiff, lost sales and lost profits, and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

**Third Count**
**(as to all Defendants)**
**(with respect to both the Original and Revised SLAPWOODS and Design Trademarks)**

**FEDERAL TRADEMARK DILUTION**

73.    Paragraphs 1 to 72 above, are incorporated by reference as if fully alleged herein.

74.    This is a claim for dilution of Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, arising under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

75.    Plaintiff is the owner of valuable trademark rights in Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

76.    Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, are famous and had become famous prior to Defendants' first use of the Infringing Trademarks.

77.    Upon information and belief, Defendants' unauthorized use of trademarks that are purposefully deceptive imitations of Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 4 through 7 and 31 through 60 herein, dilutes Plaintiff's BACKWOODS Trademarks, including

without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, by tarnishing, blurring, weakening and/or diluting the distinctive quality of said trademarks.

78.    Upon information and belief, Defendants' dilution of Plaintiff's famous BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, has been reckless and/or willful.

79.    By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, including dilution of the trademarks, diversion of customers from Plaintiff, lost sales and lost profits, and Defendants will be unjustly enriched. Plaintiff has no adequate remedy at law.

**Fourth Count**
**(as to all Defendants)**
**(with respect to both the Original and Revised SLAPWOODS and Design Trademarks)**

**FEDERAL UNFAIR COMPETITION**

80.    Paragraphs 1 to 79 above, are incorporated by reference as if fully alleged herein.

81.    This is a claim for unfair competition arising under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

82.    Plaintiff is the owner of valuable trademark rights in Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

83.    Through their unauthorized use in commerce of purposefully deceptive imitations of Plaintiff's BACKWOODS Trademarks, including without limitation purposefully deceptive imitations of Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in

paragraphs 4 through 7 and 31 through 60 herein, Defendants have engaged in acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), *et. seq*.

84.     As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm.  Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with the Plaintiff's trademark rights.  Plaintiff has no adequate remedy at law.

### Fifth Count
### (as to all Defendants)
### (with respect to the Revised SLAPWOODS and Design Trademark)

### INJURY TO BUSINESS REPUTATION AND DILUTION
### UNDER TEXAS LAW

85.     Paragraphs 1 to 84 above, are incorporated by reference as if fully alleged herein.

86.     This is a claim for injury to business reputation and dilution in violation of TX BUS. & COM. § 16.103 *et seq.*

87.     Plaintiff is the owner of valuable trademark rights in Plaintiff's famous and distinctive BACKWOODS Trademarks, including without limitation Plaintiff's famous and distinctive BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

88.     Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, are famous and distinctive in the State of Texas and had become famous and distinctive in the State of Texas prior to Defendants' first use of the Infringing Trademarks.

89.     Upon information and belief, Defendants' unauthorized use of their Revised SLAPWOODS and Design Trademark, which is a purposefully deceptive imitation of Plaintiff's

24

BACKWOODS Trademarks, including without limitation a purposefully deceptive imitation of Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 4 through 7 and 44 through 60 herein, dilutes Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, by tarnishing, blurring, weakening and/or diluting the distinctive quality of said trademarks.

90.    Upon information and belief, Defendants' dilution of Plaintiff's famous BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, has been willful.

91.    By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, including dilution of the trademarks, diversion of customers from Plaintiff, lost sales and lost profits, and Defendants will be unjustly enriched. Plaintiff has no adequate remedy at law.

92.    Defendants' aforementioned acts constitute injury to business reputation and dilution in violation of TX BUS. & COM. § 16.103 *et seq.*

93.    Pursuant to TX BUS. & COM. § 16.103 *et seq.*, Plaintiff seeks an injunction prohibiting Defendants from using purposefully deceptive imitations of Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks.

**Sixth Count**
**(as to all Defendants)**
**(with respect to the Revised SLAPWOODS and Design Trademark)**

**COMMON LAW UNFAIR COMPETITION**

94.    Paragraphs 1 to 93 above, are incorporated by reference as if fully alleged herein.

95.      This is a claim for unfair competition under the common law.

96.      Plaintiff is the owner of valuable trademark rights in Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

97.      Through their unauthorized use in commerce of their Revised SLAPWOODS and Design Trademark, which is a purposefully deceptive imitation of Plaintiff's BACKWOODS Trademarks, including without limitation a purposefully deceptive imitation of Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 4 through 7 and 44 through 60 herein, Defendants have engaged in acts of unfair competition under the common law.

98.      Plaintiff has been damaged by Defendants' aforementioned acts.

**Seventh Count**
**(as to Defendant Rabie)**
**(with respect to both the Original and Revised SLAPWOODS and Design Trademarks)**

**DECLARATORY JUDGMENT THAT DEFENDANT'S TRADEMARK IS NOT ENTITLED TO FEDERAL REGISTRATION AND/OR FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**

99.      Paragraphs 1 to 98 above, are incorporated by reference as if fully alleged herein.

100.    This is a claim for a declaratory judgment, pursuant to 15 U.S.C. § 1119, that Defendant Rabie's SLAPWOODS trademark is not entitled to federal registration and/or for cancellation of federal trademark registration.

101.    Plaintiff is the owner of valuable trademark rights in, and federal trademark registrations for, Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 15 through 30 herein.

102.    Defendant Rabie is the record owner of U.S. Trademark Registration No. 6,390,155 for the trademark SLAPWOODS in block letters.

103.     Defendant Rabie is not using SLAPWOODS in block letters as registered.  Instead, Defendant Rabie is using SLAPWOODS in a font and style that is confusingly similar to the BACKWOODS (Stylized) Trademarks.

104.     Plaintiff believes it is being damaged by U.S. Trademark Registration No. 6,390,155 because such registration is assisting Defendant Rabie in the use of a purposefully deceptive imitation of Plaintiff's registered and famous BACKWOODS Trademarks, including without limitation a purposefully deceptive imitation of Plaintiff's registered and famous BACKWOODS (Stylized) Trademarks, as set forth more fully in paragraphs 4 through 7 and 31 through 60 herein.

105.     Plaintiff's products are related to products being utilized in connection with the trademark covered by U.S. Trademark Registration No. 6,390,155, and such products would travel and/or be promoted through the same channels of trade for sale to, and use by, the same class of purchasers.

106.     Defendants' use of the trademark in U.S. Trademark Registration No. 6,390,155  is likely to cause confusion, mistake or deception as to the source of origin of Defendants' products in that the public, the trade and others are likely to believe that Defendants' products are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff's BACKWOODS brand line of cigars and/or BACKWOODS licensed products, which bear Plaintiff's registered and famous BACKWOODS Trademarks, including without limitation Plaintiff's registered and famous BACKWOODS (Stylized) Trademarks.

107.     Defendants' use of the trademark in U.S. Trademark Registration No. 6,390,155 will cause dilution of the distinctive quality of Plaintiff's registered and famous BACKWOODS

Trademarks, including without limitation Plaintiff's registered and famous BACKWOODS (Stylized) Trademarks.

108.     Accordingly, Plaintiff seeks an order, pursuant to 15 U.S.C. § 1119, directing the Commissioner of Patents and Trademarks: (i) that U.S. Trademark Registration No. 6,390,155 is not entitled to federal registration; and (ii) to cancel U.S. Trademark Registration No. 6,390,155; on grounds of likelihood of confusion and/or dilution.

109.     An actual and justiciable controversy exists between the parties.

110.     Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That the Court issue a permanent injunction restraining Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from:

(a)     Directly or indirectly exporting from any other country to the United States, importing into the United States, transshipping through the United States and/or causing, aiding, abetting or contributing to the exportation from any other country to the United States or to the importation into the United States or to the transshipment through the United States of:

i.     Any smoking products and/or smoking related products, including cigar wraps, cigar cones and/or tobacco products, that are packaged or labeled in a manner that makes any use as a trademark of the Infringing Trademarks, including without limitation the Original SLAPWOODS and Design Trademark, the Revised SLAPWOODS and Design Trademark, and any trademark that is identical or confusingly similar to Plaintiffs'

BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth in the Complaint; and

      ii.    Any promotional materials or other items that are labeled with or contain facsimiles of the Infringing Trademarks, including without limitation the Original SLAPWOODS and Design Trademark, the Revised SLAPWOODS and Design Trademark, and any trademark that is identical or confusingly similar to Plaintiffs' BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth in the Complaint;

    (b)    Directly or indirectly manufacturing, using, purchasing, possessing, offering to sell, advertising, promoting, marketing, transporting, distributing, selling or otherwise disposing of and/or causing, aiding, abetting or contributing to the manufacture, use, purchase, possession, offer for sale, advertisement, promotion, marketing, transportation, distribution, sale or other disposition in the United States of:

      i.    Any smoking products and/or smoking related products, including cigar wraps, cigar cones and/or tobacco products, which are packaged or labeled in a manner that makes any use as a trademark of the Infringing Trademarks, including without limitation the Original SLAPWOODS and Design Trademark, the Revised SLAPWOODS and Design Trademark, and any trademark that is identical or confusingly similar to Plaintiffs' BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth in the Complaint; and

      ii.    Any promotional materials or other items that are labeled with or contain facsimiles of the Infringing Trademarks, including without limitation the Original SLAPWOODS and Design Trademark, the Revised SLAPWOODS and Design Trademark,

and any trademark that is identical or confusingly similar to Plaintiffs' BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth in the Complaint;

(c)     Using the Infringing Trademarks, including without limitation the Original SLAPWOODS and Design Trademark, the Revised SLAPWOODS and Design Trademark, and any trademark that is identical or confusingly similar to Plaintiffs' BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth in the Complaint, in connection with the advertisement or promotion of Defendants' products, including via Internet websites and/or social media sites;

(d)     Directly or indirectly infringing Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth in the Complaint; and

(e)     Unfairly competing with Plaintiff;

2.     That the Court issue a judgment that Defendants' acts constitute direct and/or contributory infringement of Plaintiff's federally registered BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114;

3.     That the Court issue a judgment that Defendants' acts constitute trademark infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

4.      That the Court issue a judgment that Defendants' acts caused dilution of Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

5.    That the Court issue a judgment that Defendants have engaged in acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), *et. seq*;

6.    That the Court issue a judgment that Defendants' acts caused injury to Plaintiff's business reputation and dilution in violation of TX BUS. & COM. § 16.103 *et seq.,* and that the Court issue an injunction prohibiting Defendants from using purposefully deceptive imitations of Plaintiff's BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks;

7.    That the Court issue a declaratory judgment, pursuant to 15 U.S.C. § 1119, directing the Commissioner of Patents and Trademarks:  (i) that U.S. Trademark Registration No. 6,390,155 is not entitled to federal registration; and (ii) to cancel U.S. Trademark Registration No. 6,390,155; on grounds of likelihood of confusion and/or dilution;

8.    That Defendants be required to deliver to Plaintiff for destruction all products, advertising and other promotional materials and other things possessed, used, distributed and/or available for sale by Defendants, or on their behalf, which have utilized the Infringing Trademarks, including without limitation the Original SLAPWOODS and Design Trademark, the Revised SLAPWOODS and Design Trademark, and any trademark that is identical or confusingly similar to Plaintiffs' BACKWOODS Trademarks, including without limitation Plaintiff's BACKWOODS (Stylized) Trademarks, as set forth herein;

9.    That Defendants, jointly and severally, be required to account to and compensate Plaintiff for Defendants' profits and the actual damages suffered by Plaintiffs as a result of Defendants' acts of trademark infringement, false designation of origin and unfair competition in an amount to be proven at trial;

10.    That Plaintiff's recoveries be trebled and prejudgment interest be awarded, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

11.    That at Plaintiff's election before final judgment, that the Court award statutory damages pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117(c));

12.    That Defendants, jointly and severally, be required to pay compensatory and punitive damages for their acts of unfair trade practices to the maximum extent permitted by law in an amount to be proven at trial;

13.    That Defendants, jointly and severally, be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

14.    That pre-judgment and post-judgment interest be awarded to the maximum extent provided by law; and

15.     That Plaintiff obtains such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury for all issues so triable as a matter of law.

Dated:  October 20, 2023

Respectfully submitted,

By: */s/  Julie M. Moeller*
Julie M. Moeller
Attorney-in-Charge
Texas State Bar No.: 24073830
SDTX Bar No.: 1128602
julie.moeller@gmlaw.com
GREENSPOON MARDER LLP
700 Milam Street, Suite 1300
Houston, TX 77002
Telephone: (212) 524-4966
Facsimile: (954) 771-9264

OF COUNSEL:

Michael Patrick, Esq.
(To be admitted *Pro Hac Vice*)
michael.patrick@gmlaw.com
GREENSPOON MARDER LLP
590 Madison Avenue, Suite 1800
New York, NY 10022
Telephone: (212) 524-5041

Charles W. Grimes, Esq.
(To be admitted *Pro Hac Vice*)
grimes@gandb.com
GRIMES LLC
8890 Terrene Court, Unit 102
Bonita Springs, Florida 34135
Telephone: (239) 330-9000

Russell D. Dize, Esq.
(To be admitted *Pro Hac Vice*)
dize@gandb.com
GRIMES LLC
8890 Terrene Court, Unit 102
Bonita Springs, Florida 34135
Telephone: (239) 330-9000

*Attorneys for Plaintiff*
*ITG Cigars Inc.*